UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, CDCR #H-89101,<br><br>                              Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>                              Defendant. | Case No.: 3:15-cv-02633 GPC (MDD)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Quincy Sims, currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF Doc. No. 1.

Plaintiff seeks injunctive relief and damages against CEN's Warden, Raymond Madden, based on claims that Madden has violated his First Amendment right to free exercise by denying his requests for a "legal religious name change." Compl. at 3.

1

Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2).

## I.  Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state

a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.     Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff seeks damages and injunctive relief "barring [him] from a religious name change," and permitting him to use his religious name "when corresponding and on other allowable departmental records/database." Compl. at 7.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Quincy Sims, identified as CDCR Inmate #H-89101, while detained or incarcerated, has filed three previous civil actions which have been determined to be frivolous or malicious, or which have failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

///

They are:

1) *Sims v. Rios, et al.*, Civil Case No. 2:10-cv-01893-LKK-DAD (E.D. Cal. Sept. 3, 2010) (Order and Findings and Recommendations ["F&Rs"] to dismiss complaint without leave to amend for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF Doc. No. 7); (E.D. Cal. Nov. 1, 2010) (Order adopting F&Rs and dismissing complaint without leave to amend for failure to state a cognizable claim) (ECF Doc. No. 13); (Nov. 1, 2011) (Memorandum of USCA, Ninth Circuit Appeal Case No. 10-17731) (affirming dismissal) (ECF Doc. No. 18); (April 24, 2012) (USCA Judgment) (ECF Doc. No. 19) (strike one);

2) *Sims v. Doe, et al.*, Civil Case No. 1:14-cv-00864-MJS (E.D. Cal. Aug. 29, 2014) (Order Dismissing Action with Prejudice for Failure to State a Claim [pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii)]) (ECF Doc. No. 10); *id.* at 6 (further noting that the "dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g)") (strike two); and

3) *Sims v. Lesinak*, Civil Case No. 1:14-cv-01130-SKO (E.D. Cal. June 2, 2015) (Second Screening Order Dismissing Action, with prejudice, for failing to state a claim under section 1983 [pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii)]) (ECF Doc. No. 10) (strike three).[1]

Accordingly, because Plaintiff has, while incarcerated, already accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced

---

[1] Plaintiff's Appeal to the Ninth Circuit regarding the final judgment in *Sims v. Lesinak*, Civil Case No. 1:14-cv-01130-SKO (E.D. Cal. June 2, 2015) is still pending. However, the U.S. Supreme Court has recently held that "courts must count the [district court's underlying] dismissal even though it remains pending on appeal." *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1761 (May 18, 2015) (No. 13-1333). "[A] prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." *Id.* at 1765.

imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.   Conclusion and Order

For the reasons set forth above, the Court:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2)   **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

(3)   **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  March 4, 2016

Hon. Gonzalo P. Curiel
United States District Judge